IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLIOT SINGER, RACHEL SINGER, and DANIEL SINGER, | ) ) ) |
| Plaintiffs, | ) ) Case No. 17 C 2127 |
| v. | ) ) ) Judge Robert W. Gettleman |
| PRIMESOURCE HEALTH GROUP, LLC, SENIORSURE HEALTH PLANS, INC., ADVANTAGE CAPITAL HOLDINGS, LLC, PRIMEHEALTH GROUP, LLC, and DAVID FLEMING, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| DAVID FLEMING, | ) ) |
| Cross-Plaintiff, | ) ) |
| v. | ) ) |
| ADVANTAGE CAPITAL HOLDINGS, LLC, PRIMEHEALTH GROUP, LLC, KENNETH KING, and ANNIE ELLIOT, | ) ) ) ) |
| Cross-Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Elliot, Rachel and Daniel Singer sued defendants PrimeSource Health Group, LLC ("PrimeSource"), SeniorSure Health Plans, Inc., ("SeniorSure"), Advantage Capital Holdings, LLC ("Advantage"), PrimeHealth Group, LLC ("PrimeHealth") and David Fleming seeking, among other things not related to the instant matter, to collect on three promissory notes issued to plaintiffs by PrimeSource and one promissory note issued to plaintiffs by SeniorSure, all guaranteed by defendant Fleming. The counts seeking to collect on the notes also named

PrimeHealth and Advantage, alleging that those companies had assumed PrimeSource's and SeniorSure's liabilities, including the notes, under an Asset Purchase Agreement ("APA") with PrimeSource and a Stock Purchase Agreement ("SPA") with SeniorSure.

Attorney Brianna Golan of Golan, Christie, Taglia, LLP ("GCT") appeared for and filed an answer on behalf of both PrimeHealth and Advantage. Fleming also answered. After efforts to settle failed, Fleming filed cross-claims against PrimeHealth, Advantage, and its President Kenneth King and Chief Risk Officer Annie Elliot, asserting claims for breach of the APA, SPA, fraud, fraudulent inducement and breach of fiduciary duty.

After some extensions, attorney Michael O'Brien and Leslie Bleifuss of O'Brien Law Offices ("O'Brien") appeared for King and Elliot. After all defendants settled with plaintiffs on the counts seeking to collect on the notes (I and II), PrimeHealth and Advantage, and King and Elliot moved to dismiss the crossclaims, arguing that the court should deCLINE supplemental jurisdiction. The court denied those motions. At the same time, Fleming moved (Doc. 86) to disqualify both the GCT and O'Brien law firms, arguing that by defending Fleming's crossclaims for PrimeHealth and Advantage (GCT) and for King and Elliot (O'Brien) these lawyers would be forced to take legal positions adverse to PrimeSource, which each of those firms represents in other litigation.

Both GCT and O'Brien have denied that they are in any sort of conflict, arguing that they do not currently nor have they ever represented Fleming. Fleming has argued that that begs the question, because he is now back in control of PrimeSource (the Management Oversight Agreement that had transferred management to PrimeHealth as a result of the APA has expired), and any position adverse to him is necessarily adverse to PrimeSource.

2

While the motion to disqualify was pending, attorneys Thadford Felton, David Goodman and Elizabeth Austermuechle of Greenfelder, Hemker & Gale, P.C. appeared for and received leave to file a crossclaim for PrimeSource against PrimeHealth. The court then ordered responsive pleadings to all crossclaims.

GCT, on behalf of PrimeHealth and Advantage, filed answers and affirmative defenses to both Fleming's and PrimeSource's crossclaims. In addition, GCT sought and received leave to file counterclaims for PrimeHealth and Advantage against PrimeSource and Fleming. On behalf of King, O'Brien filed an answer to Fleming's crossclaim, and on behalf of Elliot moved to dismiss the crossclaim. The battle lines having now been fully drawn, Fleming's motion to disqualify GCT and O'Brien is ripe for decision.

## DISCUSSION

As Fleming acknowledges, "disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983). In ruling on a disqualification motion, the court must balance "the sacrosanct privacy of the attorney-client relationship (and the professional integrity implicated by that relationship) and the prerogative of a party to proceed with counsel of its choice." Id. "Because disqualification causes a disruptive, immediate, and measurable effect on one party in pending litigation, courts view such motions 'with extreme caution.'" alphaCTP Systems, Inc. v. Nierman, 2016 WL 687281 *4 (N.D. Ill. Feb. 19, 2016) (quoting Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 719 (7th Cir. 1982)).

The court uses a two-step analysis to resolve a motion to disqualify counsel. Id. First, the court must determine whether an ethical violation has occurred. Next, if the court finds a violation, the court then determines whether disqualification is appropriate. Id.

Under Local Rule 83.50, this court applies the Model Rules of Professional Conduct of the American Bar Association. Model Rule 1.7, addressing attorney's conflicts of interest in concurrent representation provides in relevant part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; . . ..

In the instant case, there is no dispute that both GCT and O'Brien are each currently representing PrimeSource in other litigation. Brianna Golan and GCT originally represented PrimeSource in Pfefferkorn v. PrimeSource, No. 17 C 1223, a Fair Labor Standard Act action pending before Judge Blakely in this court. That representation arose out of obligations under the APA. The Golan lawyers and GCT recently withdrew from the Pfefferkorn matter, and were replaced by Michael O'Brien of the O'Brien firm.

Additionally, GCT currently represents PrimeSource in a matter pending in the Circuit Court of Cook County, Illinois, PrimeSource Healthcare v. Jason Stutz, 2017 CH 3197, involving employment non-compete matters and counterclaims for certain liabilities unrelated to the instant case. And, in addition to Pfefferkorn, O'Brien also currently represents PrimeSource in Ascentium Capital, LLC v. PrimeSource Healthcare Systems, Inc., et al., 2017 L 11094, pending in the Circuit Court of Cook County, Illinois. That matter involves certain contracts that were also part of the APA.

Both GCT and O'Brien argue that regardless of the representation of PrimeSource, they have never had an attorney-client relationship with Fleming, and they deny that Fleming's and PrimeSource's positions are totally aligned. That is incorrect, at least at this point in time, and with respect to GCT, no longer matters because PrimeSource has now sued PrimeHealth and Advantage in the instant litigation. In response, GCT and O'Brien, on behalf of their clients PrimeHealth, Advantage, and King and Elliot, have taken a positon directly adverse to PrimeSource, another one of their clients. Indeed, GCT, on behalf of PrimeHealth, has not only accused its own client PrimeSource of committing fraud in PrimeHealth's affirmative defenses, but it has also filed a counterclaim against PrimeSource on behalf of PrimeHealth. The court is hard pressed to envision a more direct concurrent conflict of interest.

O'Brien has also taken a position on behalf of it client, King, that is adverse to PrimeSource. For example, in King's answer to Fleming's crossclaim, O'Brien adopted PrimeHealth's answers, which undoubtedly takes positions adverse to PrimeSource. Consequently, there is no question that both GCT and O'Brien have conflicts of interest in violation of Model Rule 1.7.

Having found an ethical violation, the court also concludes that disqualification is necessary. The court sees no way that these attorneys can remain in a position of simultaneously representing two clients that are adverse to each other, and in one case actually suing each other, and neither GCT nor O'Brien has offered any less drastic remedy. Consequently, the court grants Fleming's motion to disqualify.

**CONCLUSION**

For the reasons stated above, Fleming's motion to disqualify (Doc. 86) is granted. The GCT firm, and its lawyers, and the O'Brien firm and its lawyers, are disqualified from representing their clients PrimeHealth, Advantage, King, and Elliot in the instant matter.[1] The court will allow PrimeHealth, Advantage, King, and Elliot sufficient time to obtain new counsel, and therefore stays further proceedings until a date to be set by the court at the next status hearing.

**ENTER:** **June 19, 2018**

*Robert W. Gettleman* (signature)
**Robert W. Gettleman**
**United States District Judge**

---

[1] Model Rule 1.10 – Imputation of Conflicts of Interests: General Rule- provides that while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9.